IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRY R. NESVOLD,

                      Plaintiff,                            OPINION AND ORDER

    v.

                                                      13-cv-744-wmc

SHERIFF DEAN W. ROLAND, and
BURNETT COUNTY,

                      Defendants.

---

In this civil action, plaintiff Terry Nesvold pleads both state and federal law claims against defendants arising from the alleged violent outbursts directed towards him by his supervisor Sheriff Dean W. Roland. Plaintiff's state law claims include assault, negligent infliction of emotional distress and intentional infliction of emotional distress. Defendants have filed a motion to dismiss these state law claims as currently pled in plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that they are barred by the Wisconsin Worker's Compensation Act ("WCA"), Wis. Stat. § 102.03(2).[1] (Dkt. #6.) In opposing defendants' motion, plaintiff concedes that the intentional infliction of emotional distress and negligent infliction of emotional distress claims are barred by the WCA and has withdrawn them, leaving only

---

[1] Defendants filed an answer to the original complaint. As a result, defendants' pending motion is actually a motion for judgment on the pleadings, rather than a motion to dismiss. However, this "misstyling" does not alter the court's analysis. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 718 (7th Cir. 2011).

the viability of the assault claim for decision. Because plaintiff's assault claim as pled falls within the assault exception to the WCA, the court will deny defendants' motion.

ALLEGATIONS OF FACT[2]

For all times relevant to his complaint, plaintiff Terry Nesvold is a citizen of Wisconsin and was employed as Jail Administrator with the Burnett County Sheriff's Office. Defendant Dean W. Roland is also a citizen of Wisconsin and is the Sheriff of the Burnett County Sheriff's Office. As Sheriff, Roland served as Nesvold's supervisor.

In the fall of 2012, the Burnett County Board of Supervisors began considering consolidating the Burnett County Dispatch Center with the Polk County Dispatch Center. Sheriff Roland supported this action. Nesvold, who was in charge of the Burnett County Dispatch Center, opposed it. Aware of their difference of opinion, Sheriff Roland allegedly "ordered Nesvold not to speak or associate with the media or Board of Supervisors regarding the consolidation." (Am. Compl. (dkt. #9) ¶ 3.) Despite Sheriff Roland's orders, Nesvold attended a Board of Supervisors meeting and spoke in opposition of the consolidation.

On November 20, 2012, Sheriff Roland informed Nesvold that he would no longer be in charge of the Burnett County Dispatch Center because he had violated orders by speaking at the Board of Supervisor's meeting. Sheriff Roland also allegedly yelled and cursed at Nesvold, reminding him that he was to speak to no one regarding the proposed consolidation.

---

[2] For purposes of this motion only, the following facts alleged in the Amended Complaint are assumed to be true.

A little over a week later, on November 29, Sheriff Roland allegedly went further, both threatening and then assaulting Nesvold in his office because he continued to speak publicly about the consolidation. According to Nesvold, Sheriff Roland yelled at him, pointed his finger close to his face and told Nesvold, "do it [my] way or else." (*Id.* at ¶ 3.) Sheriff Roland also allegedly pounded on the office windows while screaming at Nesvold. Sheriff Roland then ordered Nesvold to follow him to his office. Once in Sheriff Roland's office, he continued to curse and berate Nesvold. Sheriff Roland allegedly then threw boxes against the wall, and "rushed at Nesvold, pointing his finger at him and threatening to cause him harm." (*Id.* at ¶ 20.) Nesvold also alleges that Sheriff Roland "intended to physically restrain Nesvold." (*Id.*) These actions caused Nesvold to fear for his safety and he went into a defensive posture at which point Sheriff Roland backed off.

Despite these altercations, Nesvold wrote a letter to the Board of Supervisors in February 2013, again expressing his concerns about the consolidation. Sheriff Roland learned of the letter and ordered Nesvold to provide him with a copy. On February 21, 2013, the Board of Supervisors voted against consolidation. The next day Sheriff Roland allegedly informed Nesvold that he would be making some "changes" at the office. (*Id.* at ¶ 26.) Sheriff Roland then demanded that Nesvold enroll in a four-week "jail school," as well as attend a two-week "dispatch school."

On February 28, 2013, Nesvold resigned from his position as Jail Administrator with Burnett County. He claims that he resigned due to "the anxiety, stress, medical injury, threats and retaliation caused by the defendants." (*Id.* at ¶ 27.) In his amended

3

complaint, Nesvold also alleges that he has "suffered nausea, stomach aches and emotional stress because of Sheriff Roland's actions." (*Id.*) Nesvold also alleges that he suffered from sleep deprivation and was prescribed sleep medication after consulting a physician. Based on these circumstances, Nesvold claims that he was constructively discharged and forced to resign because Sheriff Roland and Burnett County created an intolerable work environment.

OPINION[3]

Defendants move to dismiss plaintiff's state law claim of assault. To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility requirement simply "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When assessing a complaint's sufficiency, the court construes it in the light most favorable to the non-moving party, accepts all well-pled facts as true, and draws all inference's in the plaintiff's favor. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

---

[3] The court has jurisdiction over plaintiff's 42 U.S.C. § 1983 First Amendment and Due Process claims pursuant to 28 U.S.C. § 1331, and will exercise its supplemental jurisdiction, 28 U.S.C. § 1367, over plaintiff's related state law claim for assault at this time.

Defendants assert that all three of plaintiff's state law claims are barred by the exclusive remedy provision of the WCA, which provides in pertinent part:

> (2) Where such conditions exist the right to recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employee of the same employer and the worker's compensation insurance carrier. This section does not limit the right of an employee to bring action against any co-employee for an assault intended to cause bodily harm.

Wis. Stat. § 102.03(2). As explained above, plaintiff has now voluntarily withdrawn his negligent infliction of emotional distress and intentional infliction of emotional distress claims, but maintains his assault claim is not barred by the WCA. Specifically, plaintiff argues that his remaining state law claim falls within the assault exception to the exclusive remedy provision of the WCA, which provides that "an employee may bring action against any co-employee for an assault intended to cause bodily harm." Wis. Stat. § 102.03(2).

To resolve the parties' dispute as to whether the assault exception applies, this court must answer two questions. The first is whether, as defendants maintain, plaintiff must plead that there was physical contact in order for the exception to apply. The second issue is whether plaintiff has adequately pled that there was intent to cause bodily harm. Because the answers both favor plaintiff, he will be allowed to proceed with his assault claim, at least past the pleading stage.

**I. Physical Contact**

While courts often use the terms "assault" and "battery" interchangeably, the principal difference between them is that "battery" requires physical contact of some sort,

5

whereas "assault" is committed without physical contact. *Black's Law Dictionary* 105 (7th ed. 1979). Defendants assert that plaintiff's claim must fail because he does not allege some form of physical contact. In making this assertion, defendants primarily rely on a misreading of *dicta* from *Jenson v. Emp. Mut. Cas. Co.*, 161 Wis. 2d 253, 275-6, 468 N.W.2d 1, 10 (1991), which clarified that the assault exception included, *but was not necessarily limited to*, instances involving physical contact and attacks. Ironically, this clarification was prompted by the Wisconsin Supreme Court's concern that its agreement with the lower court's holding the assault exception did not apply and/or the specific facts in *Jensen*[4] could be misconstrued as approving the lower court's conclusion that only claims involving an actual physical attack or battery were subject to the assault exception under the WCA. *Id.* at 275. Of course, it does not logically follow that just because the court in *Jenson* concluded that the assault exception could include both assault and battery, then the exception must only apply to situations involving physical contact.

To support the conclusion that the assault exception was applicable to instances of assault *and* battery, the Wisconsin Supreme Court in *Jenson* admittedly cited three examples involving physical contact.[5] *Id*. Defendants argue that the court's use of these three examples supports the assertion that the plaintiff must also allege physical contact.

---

[4] In *Jenson,* the defendant co-employee had publicly subjected the plaintiff to harsh verbal attacks, criticizing her job performance, which the Wisconsin Supreme Court determined "did not constitute an assault upon Jenson under any of the possible definitions" of assault. *Jenson,* 161 Wis. 2d at 276.

[5] The factual situations included an actual physical attack, a physical ejection from a plant, and a fatal stabbing. *See Goranson v. ILHR Dept.*, 94 Wis. 2d 537, 556, 289 N.W.2d 270 (1980); *Nash-Kelvinator Corp. v. Industrial Comm.*, 266 Wis. 81, 82, 62 N.W.2d 567 (1954); *Allied Mfg., Inc., v. ILHR Dept.*, 45 Wis. 2d 563, 173 N.W.2d 690 (1970).

However, the court in *Jenson* also cautioned that the examples were *not* an exhaustive list meant to lay out definitively boundaries of what did or did not constitute assault for purposes of the exception. *Id*. As a result, while *Jenson* stands for the proposition the assault exception includes instances of both assault and battery, that decision in no way limited the assault exception to instances involving physical contact.

This conclusion makes sense. Just because the *Jenson* court concluded that the assault exception applied to situations where both assault and battery were present, does not mean that assault alone is not enough. Nor is there any obvious reason the exception should not apply to an individual who intends to cause bodily harm, makes every effort to do so, intimidates the victim, but despite his best efforts still fails to make physical contact with the victim. The mere fact that the would-be assailant was unsuccessful in this last respect simply means an assault, but not a battery, occurred, not that the claim should fall outside an exception that is, after all, expressly for "assault."

## II.  Intent to Cause Bodily Harm

While physical contact is not required, the Wisconsin Supreme Court did hold in *Jenson* that to fall within the exception the assault "must be more than verbal, it must be physical." 161 Wis. 2d at 276, 468 N.W.2d at 10. As such, actions limited to "berating and criticizing" a fellow employee without a threat of physical harm do not fall within the assault exception. *Id.* at 273, 468 N.W.2d at 9. Moreover, even when there is physical contact, there is no assault within the meaning of the statute unless a physical injury was intended as a result of the unlawful touching. *Hrabak v. Marquip, Inc.*, 798 F. Supp. 550, 554 (W.D. Wis. 1992); *see also Lucterhand v. Granite Microsystems, Inc.*, No. 05-

CV-1047, 2007 WL 703400, at *15 (E.D. Wis. Mar. 2, 2007) (holding that an employee must provide proof a co-worker intended to cause bodily harm, "or that physical injuries were substantially certain to follow from his actions"); *West Bend Mut. Ins. Co. v. Berger*, 192 Wis. 2d 743, 754, 531 N.W.2d 636, 640 (Ct. App. 1995) (explaining that inappropriate touching coupled with abusive language was such that a reasonable person "would have understood that [the victim] would be upset enough to lose sleep, lose weight, and suffer physical ailments . . . and that injuries were substantially certain to follow").

The allegations contained in plaintiff's complaint are sufficient to support the conclusion that Sheriff Roland intended to cause Nesvold some form of bodily harm, at least at the pleading stage. Plaintiff alleges that on multiple occasions Sheriff Roland not only yelled and cursed at him, but also threatened to harm him physically. (Am. Compl. (dkt. #9) ¶¶ 17-20.) Moreover, while plaintiff does not allege that Sheriff Roland ever touched him, there was an element of physicality to his outbursts which takes his actions beyond the scope of simply berating or criticizing. For example, plaintiff's complaint alleges that at different times Sheriff Roland rushed at Nesvold, pointed his finger in plaintiff's face, intended to restrain Nesvold physically, and pounded on windows and threw boxes at the wall. (*Id.* at ¶¶ 18-20.) These actions allegedly caused Nesvold to fear for his safety and at different times take a defensive posture. (*Id.* at ¶ 20.) Moreover, Nesvold also alleges that he suffered bodily harm, including nausea, emotional distress and sleep deprivation, as a result of Sheriff Roland's actions. (*Id.* at ¶ 27.) When taken

8

as true, all of these allegations at least allow for a facially plausible inference in plaintiff's favor regarding Roland's intent to cause Nesvold bodily harm.

As pled, the actions of Sheriff Roland certainly went well beyond workplace criticism and verbal attacks which might be covered by Wisconsin's Worker's Compensation Act. Sheriff Roland's alleged threats and verbal abuse were accompanied by physical actions that while not resulting in contact with Nesvold, can plausibly be viewed as intended to cause bodily harm. This fact, when coupled with the allegations that physical harm did result from Sheriff Roland's outbursts, at least gives rise to an inference that this harm was intended. At this stage, therefore, plaintiff has pled facts sufficient to establish a claim that the assault exception applies. Whether plaintiff will be able to prove his allegations of intent to cause bodily harm is a matter for another day.

ORDER

IT IS ORDERED that defendants Sheriff Dean W. Roland and Burnett County's motion to dismiss (dkt. #6) is DENIED AS MOOT with respect to plaintiff's claims for negligent infliction of emotional distress and intentional infliction of emotional distress, and DENIED with respect to plaintiff's assault claim.

Entered this 1st day of August, 2014.

                                         BY THE COURT:

                                         /s/
                                         _____
                                         WILLIAM M. CONLEY
                                         District Judge